• [No. 20229.   In Bank. — January 17, 1887.]

## THE PEOPLE, RESPONDENT, v. THEODORE H. COP-SEY, APPELLANT.

CRIMINAL LAW — EXAMINATION OF JUROR — HYPOTHETICAL QUESTION — BIAS. — In a criminal prosecution, where the attorney for the defendant on the *voir dire* examination of a juror asks him hypothetical questions based upon his theory of the case, the district attorney on cross-examination may ask the juror whether he would regard the defendant as innocent if certain hypothetical facts related to him were true; and the answer of the juror in the negative does not show any bias against the defendant.

EVIDENCE — IMPEACHMENT OF WITNESS — WANT OF RELIGIOUS BELIEF. — A witness cannot be impeached by evidence showing him to be a person without religious belief.

APPEAL from a judgment of the Superior Court of Lake County, and from an order refusing a new trial.

The defendant was convicted of an assault with the intent to commit murder upon the person of one Frederick Sonsberry. On the trial, the district attorney, against the objections of the defendant, was permitted to ask each juror during his examination on *voir dire* the following question, which he stated was his theory of the facts that he expected to prove, viz.: "Do you believe that if you saw your brother struggling with a stranger, and your brother was sitting on the ground, and the stranger was face down in his lap; and your brother had his arm across the neck of the stranger, holding him down so that he could not move, and your brother had a pistol in his right hand, and the stranger had no weapon, and an officer of the law was standing over both in such a position that neither could do the other harm, that you would have the right to go up and shoot him?" To this question each of the jurors answered that he did not think he had a right to shoot under such circumstances. The defendant thereupon challenged the entire panel, on the ground that they were biased against

him.  The court denied the challenge.  The further
facts are stated in the opinion.

*R. W. Crump*, for Appellant.

*Attorney-General Marshall*, for Respondent.

FOOTE, C.—The defendant was found guilty, by the
verdict of a jury, of an assault with intent to commit
murder.  From the judgment of conviction, and an or-
der refusing him a new trial, he has appealed.

The first error assigned by the defendant is, that the
court did not sustain his challenge to each and all of
the entire panel of trial jurors, on the ground that they
were biased against the defendant.  The existence of this
bias was alleged to have been shown from the fact that
the jurors had each stated, on their *voir dire*, that if cer-
tain hypothetical facts related to them by the district at-
torney, as his theory of the case, were true, they would not
regard the defendant as innocent of the crime charged
against him.

It appears that the jury had previously had put to
them by the defendant's counsel hypothetical questions
based upon his theory of the case, and had been permit-
ted to answer them, over the objection of the district
attorney, in a manner favorable to the defendant.  The
cross-examination, therefore, by the district attorney
was, as it seems to us, strictly legitimate, and we per-
ceive nothing in the record which warrants even a sus-
picion that the jury were in any way prejudiced or biased
against the defendant.  The different theories of the
case hypothetically put to them by each side — that on
the part of the defendant first, and on the part of the
people last— left the jury perfectly free to determine the
guilt or innocence of the prisoner on trial before them,
under the fair and clear instructions of the court, from
the facts and circumstances adduced in evidence before
them.

As to the objection made that the evidence did not warrant the jury in convicting the defendant, because it showed an absence on his part of all *intent to commit murder,* we have simply to say that the jury, with the evidence before them, have determined the issue submitted to them against him, and upon reviewing that evidence, we are not disposed to question the justness of their verdict.

The defendant sought to impeach the witness Sonsberry, by showing him to be a person who entertained no religious belief. To a question put to the witness on the part of the defendant, with that purpose in view, the court sustained an objection, of which the former complains. But his contention is not based upon any meritorious ground, as we think a reference to the constitution of California, article 1, section 4, and section 1879, Code of Civil Procedure, abundantly demonstrates.

The judgment and order should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.